# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Kimberly Sue Jidas,

           Plaintiff,      Case No. 17-cv-14198

v.                                  Judith E. Levy
                                  United States District Judge

Commissioner of Social Security,

                                  Mag. Judge Stephanie Dawkins
          Defendant.     Davis

_____/

## OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

This is a Social Security benefits appeal. On February 26, 2019, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation ("R&R") (Dkt. 16) recommending that the Court deny plaintiff Kimberly Sue Jidas' motion for summary judgment (Dkt. 13) and grant defendant's, Acting Commissioner of the Social Security Administration Nancy Berryhill, motion for summary judgment. (Dkt. 14.) Plaintiff timely filed an objection on March 12, 2019 (Dkt. 17), and defendant filed a response on March 18, 2019. (Dkt. 18.)

### I.    Background

In April 2015, plaintiff applied for Disability Insurance Benefits based upon a history of papillary thyroid cancer, iron deficiency anemia, chronic leukopenia, seasonal allergies, degenerative disc disease, chronic fatigue syndrome, and fibromyalgia. (Tr. 12–13.) The agency initially denied her application for benefits (Tr. 65), as did the administrative law judge ("ALJ") after holding a hearing. (*Id.* at 20.) She filed for judicial review on December 28, 2017. (Dkt. 1.)

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The Court incorporates the factual background from the R&R as if set forth herein. (Dkt. 16 at 1–4.)

II. **<u>Legal Standard</u>**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). A proper objection identifies the portion of the report and recommendation that the party takes issue with and then specifies the factual or legal basis of the error. E.D. Mich. LR 72.1(d)(1); *see Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244

(6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

### III. <u>Analysis</u>

Plaintiff filed one objection to the R&R. She argues that the magistrate judge "misapplied the case law and rulings addressing 20 C.F.R. § 405.1529(c) [sic]." (Dkt. 17 at 1.) Specifically, she asserts that she satisfied the first step and the objective evidence element of the second step of the analysis outlined in § 405.1529(c), and so she was entitled to rely on subjective evidence to satisfy the rest of second step,

here her own testimony, which the magistrate judge evaluated incorrectly.[1] (Dkt. 17 at 1–2.) However, the objection is improper.

The majority of plaintiff's objection is improper because it does not identify a specific error made by the magistrate judge and repeats arguments that she previously raised before the magistrate judge. Plaintiff provides a broad statement that the magistrate judge applied the wrong legal rule (Dkt. 17 at 1) and discusses the two-step analysis and SSR 16-3p, but these are not specific objections. She goes on to apply step two to her testimony and other evidence in the record, but she raised this argument in her brief in support of her motion for summary judgment and reply brief. (*Compare* Dkt. 13 at 17–18, Dkt. 15 at 1–2 *with*

---

[1] [Section 405.1529(c)] and SSR 16-3p3 describe a two-part process for evaluating an individual's statements about symptoms, including pain. First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Hoffman v. Comm'r of Soc. Sec.*, No. 1:18-cv-171, 2019 U.S. Dist. LEXIS 27010, at *13 (S.D. Ohio Feb. 20, 2019) (citations omitted).

Dkt. 17 at 1–2; Dkt. 15 at 2–4 *with* Dkt. 17 at 2–4.) Therefore, these parts of the objection are improper.

This leaves only plaintiff's argument that the magistrate judge inappropriately defferred to the ALJ in her review of step two of the § 404.1529(c) analysis because she determined that the ALJ's analysis at this step was a credibility determination, misinterpreting SSR 16-3p. (Dkt. 17 at 4.) SSR 16-3p was enacted to remove the emphasis on credibility, as in a character for truthfulness, *see Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016), a replace it with a focus on "whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence on the record," *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-cv-369, 2018 U.S. Dist. LEXIS 9388, at *10 (S.D. Ohio Jan. 22, 2018) (citations omitted). But regardless of whether the magistrate judge's use of the word "credibility" is permissible, the magistrate judge went on to apply the step two factors outlined in § 405.1529(c), which SSR 16-3p seeks to clarify. Plaintiff does not address how this statement about credibility renders the magistrate judge's review of the ALJ's

consideration of the regulatory factors deficient.[2] It is the factor analysis, not the stray mention of "credibility," that is the dispositive issue. Thus, plaintiff's objection is improper because it does not go to legal issues at the heart of this dispute. The objection is overruled.

## IV. Conclusion

Accordingly, the R&R (Dkt. 16) is **ADOPTED**; defendant's motion for summary judgment (Dkt. 14) is **GRANTED**; and plaintiff's motion for summary judgment (Dkt. 13) is **DENIED**.

IT IS SO ORDERED.

Dated: March 22, 2019　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2019.

　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　Case Manager

---

[2] And as defendant points out, there is no indication that Sixth Circuit precedent holding that these ALJ determinations, whether they be deemed credibility determinations or otherwise, receive deference are overruled based on SSR 16-3p.